## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

**CLARENCE DUNN, JR., M.D.,**
individually and on behalf of a class
similarly situated individuals

      *Plaintiffs*                                      Civil Action No.

**VERSUS**                                                Judge

**AMERIHEALTH CARITAS FAMILY**          Magistrate Judge
**OF COMPANIES**

      *Defendant*

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, CLARENCE DUNN, JR., M.D., and other similarly situated class members, bring this Class Action Complaint pursuant to Louisiana Rule of Civil Procedure 23 against Amerihealth Caritas Family of Companies ("Amerihealth"), for failing to safeguard and secure its members' individually identifiable personal information, referred to hereinafter as protected personal information ("PI"), including names, contact information (addresses, phone and fax numbers, and email addresses), Social Security Numbers, dates of birth, and member ID numbers. Amerihealth knowingly left Plaintiffs' and the Class members' PI unprotected, in violation of its own Policy, state and federal statutes, and industry standards. Plaintiffs, for their Class Action Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted

by their attorneys.

### *Parties*

1. Plaintiff, Clarence Dunn, Jr., M.D., is a major domiciliary of West Monroe, Ouachita Parish, Louisiana.

2. Defendant, AMERIHEALTH CARITAS FAMILY OF COMPANIES, which may also herein after be referred to as "AMERIHEALTH" is a foreign corporation, through its network of affiliated companies, who operates health plans across a number of states, including and doing business in the State of Louisiana, and which may be served with summons and complaint through its Registered Agent, CT Corporation, 3867 Plaza Tower Drive, Baton Rouge, LA 70806.

### *Jurisdiction of the Court and Venue*

3. This Court has jurisdiction over defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendant. Defendant is incorporated and has its principal place of business outside of the state in which the Plaintiff is a citizen.

4. The amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and cost.

### *Request for Trial by Jury*

5. Plaintiffs request a trial by jury.

### *Nature Of This Action*

6.     On January 14, 2020, Plaintiff, Dr. Clarence Dunn, Jr., received a letter from Defendant, AmeriHealth Caritas, regarding his personal information that was compromised.

7.     The letter advised that a data security incident may have exposed some of his personal information due to the fact that on or about November 15, 2019, a former employee of defendant improperly downloaded company confidential information to a personal hard drive.

8.     Unfortunately for its members, and despite Amerihealth's promise to properly secure their members' PI, a recent and devastatingly large data breach occurred.

9.     This data breach revealed that Amerihealth failed to take basic steps to keep their information safe and does not honor their obligations to their customers.

10.    Consequently, Amerihealth members are and remain vulnerable to potentially devastating acts of identity theft, as well as the publication of their highly confidential medical information.

### *Unsecured and Unencrypted Amerihealth Computers containing members' PI were easily stolen from Amerihealth offices*

11.    Defendant allegedly contacted its employee and requested that the employee surrender the hard drive or co-operate with the company to ensure the contents of the hard drive had been erased but the employee refused to do either. Therefore, defendant advised plaintiff, Dr. Clarence Dunn, Jr., that it believed that the downloaded information included files containing personal information of a number of providers, including plaintiff.

12. The letter further advised Dr. Dunn that the hard drive may have included personal information such as his first and last name and social security number.

13. As a result of this breach, the plaintiff's identity has been stolen and he and other class members are at an increased risk of harm from identity theft, identity fraud and medical fraud. This breach of harm is enough to cause a cognizable injury, and the mere unauthorized dissemination of private information is what the Fair Credit Reporting Act is intended to prevent.

14. Law enforcement was contacted by defendant, and the matter pursued concerning the information on the hard drive with the defendant noting that they are "looking into changes to our controls and procedures to reduce the risks of similar events occurring in the future."

### *Amerihealth breaks its promise to its members by failing to safeguard their PI*

15. Amerihealth committed a wide variety of critical errors by storing unencrypted PI on employee laptops and then leaving the computers within reach of any person with access to a conference room. Data encryption simply refers to an easy process that transforms plaintext into a form that is non-readable to unauthorized parties. Encryption is easily performed and often available, or even at no cost.

16. Essentially, by not encrypting members' PI, any person, authorized or unauthorized, with access to one of these laptops, could easily extract and misuse the highly confidential data contained therein. Furthermore, storing such a substantial amount of substantial data in one centralized location rather than compartmentalizing

the data in various locations drastically increased the potential for a vast breach like the one that Amerihealth allowed to occur.

17.    As a result of Amerihealth's careless and reckless disregard for its members' PI, a lot of persons have now been exposed to a wide variety of malicious activities. For example, a nefarious person who possesses this information could do any of the following:

(a)    Use the Social Security Numbers and contact information contained on the laptops to conduct full-scale identity theft, assuming the identity of any number of Amerihealth members;

(b)    The buying and selling of United States citizens' identifications has become a prolific and lucrative business both domestically and abroad. Equipped with the PI from the stolen laptops, a perpetrator now has a lot of identities to barter with;

(c)    Apply for credit cards, bank accounts, or other credit extending services in the name of the members;

(d)    Use the stolen, unencrypted PI containing certain identification information to fraudulently apply for credit;

(e)    Post the highly confidential information contained in the stolen files about any of the affected members. A perpetrator may publicly post this information on the Internet to humiliate Amerihealth members or use the sensitive information to extort or otherwise harass members.

(f)    Harvest the members' email addresses for spam. Assuming that

each of the exposed members' email accounts is active, a spammer will have live email addresses to spam, as well the phone numbers contained in the records to use for spam.

### *Administrative Safeguards (45 CFR § 164.308)*

18. The administrative safeguards provision mandate that healthcare providers such as Amerihealth "implement policies and procedures to prevent, detect, contains, and correct security violations."   45 C.F.R. § 164.308 (1)(i).

19. Given that an unauthorized individual, quite possibly an Amerihealth employee without proper clearance, simply picked up the mobile, unlocked computing devices, the conclusion is clear.   Either the HIPAA-mandated administrative safeguards, which Amerihealth promised to rigorously adhere to, were simply not implemented or they were implemented in such a way as to be rendered completely ineffectual.

20. Additionally, implicit, in the provisions of the administrative safeguards are requirements that Amerihealth implement mechanisms to keep record of what PI is stored and where it is stored.   Because Defendant did not comply with these provisions, it took time to determine the members unencrypted information was stored on a hard drive, and had been exposed to terrible acts of identity theft.   There were also wholly unaware of the data breach for several months and thus unable to take the proper steps to protect themselves.

### *Amerihealth fails to comply with basic industry standards*

21. In November of 2001, the National Institute of Standards and Technology ("NIST") proposed an "Advanced Encryption Standard ("AES") to be used as the

technological standard for encrypting sensitive data. NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, U.S. DEP'T OF COMMERCE, FEDERAL INFORMATION PROCESSING STANDARDS PUBLICATION PUBL'N 197 "Announcing the Advanced Encryption Standard" (2001), http://csrc.nist.gov/publications/fips/fips197/fips-197.pdf. On May 26, 2002, AED was adopted as the standard encryption technique of the United States government. *Id* at ii. AES is free for any private or public, commercial or non-commercial.

22. The NIST published a report in March of 2005 detailing methods for healthcare providers to comply with HIPAA's Security Rule. In the Report, the NIST recommends specific techniques to safeguard electronically stored PI. In one example, the NIST specifically recommends a system, easily implemented and maintained, to automatically encrypt PI during non-work hours, and then decrypt it as the beginning of each workday. MATTHEW SCHOLL ET AL, NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY, U.S. DEP'T OF COMMERCE, NIST SPECIAL PUBLICATION 800-66 REVISION 1, AN INTRODUCTORY RESOURCE GUIDE FOR IMPLEMENTING THE HEALTH INSRUANCE PORTABILITY AND ACCOUNTABILITY ACT (HIPAA) SECURITY RULE, AT 41 (2008),

http://csrc.nist.gov/publications/nistpubs/nistpubs/800-66-Rev1/SP-800-66-Revision1.pdf.

23. In the light of the foregoing, it is obvious that Amerihealth has failed to comply with industry standards. Even more striking is that one of the exact example solutions recommended by the NIST, encrypting data during non-work hours, if

implemented, would have almost certainly prevented the exposure of Amerihealth members' highly confidential information.

## *Class Representation Allegations*

24. Plaintiffs bring this action on behalf of themselves and a class (the "Class" defined as follows:

> All individuals and entities in the Uniteds States that are current or former members of healthcare plans provided by Amerihealth and had their PI compromised through the theft of Amerihealth laptops or downloading of information onto hard drives.

Excluded from the Class are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officer and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons, as well as any individual who contributed to the unauthorized access of Amerihealth's computer system.

25. This action is suitable for class treatment pursuant to Louisiana Rule of Civil Procedure 23.

*Numerosity*

26.  The exact number of Class members is unknown to plaintiff at this time but on information and belief there are at least 1.2 million members of this Class throughout the Country, making joinder of each individual member impracticable. Ultimately, the Class members will be easily identified through defendant's records.

*Typicality*

27.  Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of the defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

*Adequate Representation*

28.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Class, and defendant has no defenses unique to Plaintiff.

*Appropropriateness*

29.  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's

misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase members of the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents a far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.

### *Policies Generally Applicable to the Class*

30. This class action is also appropriate for certification because defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to insure compatible standards of conduct toward the members of the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

### *Commonality and Predominance*

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

(a) Whether Amerihealth failed to use reasonable care and/or comply with HIPAA and applicable industry standards to secure and safeguard its members' highly confidential PI;

(b) Whether storing member PI in an unencrypted format was reasonable under

industry standards;

(c)     Whether leaving laptops containing high confidential PI unattended in a conference room was reasonable under industry standards;

(d)     Whether Amerihealth's conduct constitutes a breach of contract;

(e)     Whether defendant's conduct constitutes a breach of implied covenants of good faith and fair dealing;

(f)     Whether Ameriheath's conduct described herein was negligent and/or grossly negligent; and

(g)     Whether defendant's conduct described herein constitutes negligence per se.

32.    Plaintiff reserves the right to reserve Class definitions based on facts learned in discovery.

## Count I
## Breach of Contract
## *(On behalf of the plaintiff and the Class)*

33.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34.    Plaintiff and the Class performed all of their obligations under the Contract.

35.    Defendant materially breached the terms of the Agreement by its wrongful conduct alleged herein, including failing to properly secure its equipment and the PI contained therein.  As a result, the plaintiff's and the Class's sensitive PI was exposed.

36.    As a result of Defendant's misconduct and breach of the Agreement described herein, plaintiffs and the Class suffered injury.  Because the stolen information cannot the returned, the harm from the security breach is ongoing and compounding.  Accordingly, the Plaintiff and the Class are entitled to the maximum

relief.

## Count II
## Breach of Contract
### (On behalf of the plaintiff and the Class)

37.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

38.  Defendant materially breached the terms of the Agreement with Plaintiffs by its wrongful conduct alleged herein, including failing to properly secure its computers and/or laptops, and the PI contained therein.  As a result, the Plaintiffs' and the Class's sensitive PI was exposed.

39.  As a result of the Defendant's misconduct and breach of the Agreement described herein, Plaintiffs and the Class suffered injury.

## Count III
## Breach of the Implied Covenant of Good Faith and Fair Dealing
### (On behalf of the Plaintiffs and the Class)

40.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.  Plaintiff and the Class disclosed highly confidential information to Defendant including names and contact information (addresses, phone and fax numbers and email addresses, Social Security numbers and dates of births).

42.  By providing that highly sensitive PI information, Defendant was obligated to take responsible steps mandated by state and federal statutes as well as industry standards to secure and safeguard that information.

43.  Defendant breached the provisions of its Agreement, specifically not honoring its responsibilities to ensure in the "confidentiality of information about

members' PI or release of members' PI, except when the release is required by law.

44. Defendant breached the implied covenant of good faith and fair dealing by failing to safeguard and secure Plaintiffs' and the Class's sensitive PI from unauthorized access and theft, failing to promptly and sufficiently notify Plaintiffs and the Class that their sensitive PI had been compromised, and further by failing to fully comply with the prescriptions of applicable statutory law.

*Count IV*
*Breach of Implied Contracts*
*(On Behalf of Plaintiffs and the Class)*
*(In the Alternative)*

45. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

46. Plaintiffs and the Class disclosed highly confidential information to Defendant including names and contact information (addresses, phone and fax numbers and email addresses, Social Security numbers and dates of births).

47. By providing that highly sensitive PI and upon Defendant's acceptance of such information, Plaintiffs and the Class, on the one hand, and Defendant, on the other hand, entered into implied contracts whereby Defendant was obligated to take reasonable steps mandated by state and federal statutes, as well as industry standards to secure and safeguard that information.

48. Under the implied contracts, Defendant was further obligated to provide Plaintiffs and the Class prompt and sufficient notice of any and all unauthorized access and/or theft of their sensitive PI.

49. Without such implied contracts, Plaintiffs and the Class would not have

provided their personal information to Defendant.

50. By failing to properly secure Plaintiffs' and the Class's highly confidential PI, and further by failing to promptly notify Plaintiffs and the Class that their personal information had been compromised, Defendant breached its implied contracts with Plaintiffs and the Class.

51. Defendant's breach and other misconduct described herein resulted in injury to Plaintiffs and the Class.

### *Count V.*
### *Negligence*
### *(On behalf of the plaintiffs and the Class)*

52. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53. Plaintiffs and the Class Defendants disclosed highly confidential information to Defendant.

54. By agreeing to accept Plaintiffs' and the Class's sensitive PI, Defendant assumed a duty, which required it to exercise reasonable care to secure and safeguard that information and to utilize reasonable methods to do so.

55. Defendant failed to protect its members' PI and failed to provide Plaintiffs and the Class with prompt and sufficient notice that their sensitive PI had been compromise, thereby breaching its duties to Plaintiffs and the Class.

56. By failing to take proper security measures to protect Plaintiffs' and the Class's sensitive PI as described herein, Defendant's conduct was grossly negligent and department from all reasonable standards of care.

57. As a direct and proximate result of Defendant's failure to exercise reasonable

care and comply with statutory mandated and industry security measures, its members' highly confidential PI was accessed without authorization and Plaintiffs' and the Class's sensitive PI was accessed without authorization and Plaintiffs' and the Class's sensitive PI was exposed.

58. That security breach and resulting unauthorized access to Plaintiffs' and the Class's sensitive PI was reasonably foreseeable by Defendant, particularly in light of the fact that Amerihealth possessed the technical expertise to implement proper encryption and physical protection mechanisms.

59. Neither Plaintiffs nor the other members of the Class contributed to the security breach described herein or to the unauthorized access of their sensitive PI.

60. Amerihealth's reckless indifference to the property security lapses necessary for a malicious third party to directly access its members' highly confidential PI. Without Amerihealth's reckless and/or gross negligence and unwillingness to follow statutorily set standards and industry standards for data security claims, a third party could not have stolen Plaintiffs and the Class's sensitive PI.

61. As a direct and proximate result of Defendant's misconduct described herein, Plaintiffs and the Class were injured.

## *Prayer*

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for compensatory damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper. Additionally, Plaintiffs demand a jury trial on all issues contained herein, and seeks damages for breach of implied

contract; violations of Consumer Fraud and Deceptive Business Practices Act, as well as substantially similar laws of the Consumer Fraud Statutes, as well as for statutory and punitive damages, as well as attorney's fees, litigation costs, and interest.

WHEREFORE, Plaintiff further demands judgment against the Defendant on each of the above referenced claims and causes of action, and as follows:

1. Certifying this case as a class action on behalf of the Class defined above, and appointing Dr. Clarence Dunn as class representative, with Richard L. Fewell, Jr., as class counsel;

2. Declare that Amerihealth's actions, as described herein, violate the Louisiana statute;

3. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including *inter alia*, (a) an order prohibiting Amerihealth from engaging in the wrongful and unlawful acts described herein; and (b) requiring Amerihealth to protect all data collected through the course of its business in accordance with HIPAA and industry standards;

4. Award damages, including statutory damages where applicable and punitive damages, to Plaintiffs and the Class, in an amount to be determine at trial;

5. Award restitution for any identity theft, including but not limited to payment of any other costs, including attorney fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien or other obligation of the victim arising as the result of the actions of the defendant;

6. Award Plaintiffs and the Class their reasonable litigation expenses and attorney fees;

7. Award Plaintiffs and the Class pre and post judgment interest to the extent allowable; and

        Respectfully submitted,

        /S/ Devin T. Jones
        Devin T. Jones, TA
        La. Bar No. 33912
        200 Washington Street
        Monroe, LA 71201
        Telephone: (318) 450-3192
        Email: *Jones@erasemyarrest.com*

        /S/ Richard L. Fewell, Jr.
        Richard L. Fewell, Jr.
        La. Bar No. 18891
        Law Offices of Richard L. Fewell, Jr.
        1315 Cypress Street
        P. O. Box 1437
        West Monroe, LA 71291
        Telephone: (318) 388-3320
        Facsimile: (318) 388-3337
        Email: *fewelllawrichard@gmail.com*